# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW EASTLAND,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                               /

No. 2:17-CV-1261-TLN-CMK

FINDINGS AND RECOMMENDATIONS

        Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pending before the court are plaintiff's motion for summary judgment (Doc. 16) and defendant's cross-motion for summary judgment (Doc. 17).

/ / /

/ / /

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on January 23, 2014. See CAR 19.[1] In the application, plaintiff claims that disability began on August 1, 2013. See Id. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on February 16, 2016, before Administrative Law Judge ("ALJ") Daniel Myers. See id. In a May 5, 2016, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): major depressive disorder with a history of psychotic features, anxiety disorder, personality disorder, polysubstance abuse, Hepatitis C with a history if cirrhosis, spelenomegaly, and a history of gallstones;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform light work with occasional changes to the routine work setting, routine repetitive work in a stable environment, a consistent work schedule, occasional interaction with co-workers and supervisors, and no interaction with the public; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 22-34.

After the Appeals Council declined review on April 21, 2017, this appeal followed.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Citations are to the Certified Administrative Record lodged on October 26, 2017 (Doc. 10).

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III. DISCUSSION

In his motion for summary judgment, plaintiff argues that this matter should be remanded for consideration of new evidence.[2]

---

[2] While plaintiff also references a "two-point argument" supporting remand "regardless of the attached evidence," the court is unable to discern any additional claim of error. The only citation to authority in this portion of plaintiff's brief is a cite to Lester v. Chater, 81 F.3d 821 (9th Cir. 1996), for the proposition that the "opinion of nonexaminer, by itself, not even substantial evidence," which is an incorrect reading of Lester. See e.g. Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990) (discussing weight of evidence from non-examining sources).

A case may be remanded to the agency for the consideration of new evidence if the evidence is material and good cause exists for the absence of the evidence from the prior record. See Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511-12 (9th Cir. 1987) (citing 42 U.S.C. § 405(g)). In order for new evidence to be "material," the court must find that, had the agency considered this evidence, the decision might have been different. See Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir. 1990). The court need only find a reasonable possibility that the new evidence would have changed the outcome of the case. See Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984). The new evidence, however, must be probative of the claimant's condition as it existed at or before the time of the disability hearing. See Sanchez 812 F.2d at 511 (citing 42 U.S.C. § 416(i)(2)(G)). In Sanchez, the court concluded that the new evidence in question was not material because it indicated "at most, mental deterioration after the hearing, which would be material to a new application, but not probative of his condition at the hearing." Id. at 512 (citing Ward v. Schweiker, 686 F.2d 762, 765-66 (9th Cir. 1982)).

According to plaintiff:

> The documents attached to the complaint and this motion show that within 10 1/2 months of the May 5, 2016, ALJ decision, by March 22, 2017, a medical doctor expressed the opinions that Matthew Eastland had "end stage liver disease with cirrhosis, portal hypertension, massive ascites, and spontaneous bacterial peritonitis," that on March 12, 2017, he had been hospitalized with, among other things, "massive ascites . . . encephalopathy and thrombocytopenia," that he needed a walker within his house and assistance with activities of daily living, that his liver failure was with "*recurrent* spontaneous bacterial peritonitis, massive ascites" (emphasis added), and that "his prognosis is 6 months or less given the usual course of his disease." They reflect Mr. Eastland's admission to hospice care.

The attached records consist of a March 22, 2017, "Certification of Terminal Illness" from Green Valley Hospice signed by Nancy Kemp, M.D., listed as a Hospice Physician. Also attached is an "In-Home Supportive Services (IHSS) Program Health Care Certification Form" dated March 15, 2017, also signed by Dr. Kemp.

4

The court finds that remand is not warranted because the new evidence from March 22, 2017, is not probative of plaintiff's condition as it existed at or before the time of the February 16, 2016, hearing in this case. At most, the evidence shows deterioration in plaintiff's condition after the hearing, which would be relevant to a new application. See Sanchez 812 F.2d at 511-12.

### IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, the undersigned recommends that:

1. Plaintiff's motion for summary judgment (Doc. 16) be denied;
2. Defendant's cross-motion for summary judgment (Doc. 17) be granted; and
3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2018

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE